United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN SHAW aka JOHN HSIA,          No. C 13-2532 NC (PR)

    Plaintiff,                          **ORDER OF SERVICE**

   v.

CHANG and MORALES,

    Defendants.
                                   /

## INTRODUCTION

Plaintiff John Shaw aks John Hsia, an inmate at the California Substance Abuse Treatment Facility and State Prison (CSATF), filed a pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court serves Plaintiff's claim on Defendant Chang and dismisses his claim against Defendant Morales.

## DISCUSSION

**I. Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds

upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II. Plaintiff's Allegations

In his complaint, Plaintiff alleges the following. Plaintiff formerly was housed at the Santa Clara County jail. At 2:00 a.m. on February 17, 2009, while he was housed at the jail and everyone was asleep, Correctional Officer Chang entered into Plaintiff's cell and confiscated Plaintiff's legal papers. The lack of these papers impeded Plaintiff's ability to exhaust legal remedies for his federal petition for a writ of habeas corpus, case number C-09-0077 CW. As a result, his petition was dismissed.

On April 24, 2013, when Plaintiff was housed at CSATF, Officer Morales confiscated Plaintiff's legal papers related to his new habeas petition, case number C-13-1739 CW. This prevented Plaintiff from meeting exhaustion and filing deadlines in this case.

Based on these allegations, Plaintiff asserts that Defendants violated his rights under the due process clause and the Americans with Disabilities Act (ADA).

## III. Claims

Although Plaintiff's allegations do not constitute a violation of the Americans with Disabilities Act, they may allege claims for a violation of his First Amendment and due process rights of access to the courts.

The constitutional source of the right of access to the courts is not settled. See Christopher v. Harbury, 536 U.S. 403, 413-14 & 415 n.12 (2002); Lewis v. Casey, 518 U.S. 343, 366-67 (1996) (Thomas, J., concurring). The Ninth Circuit has found that the constitutional right to litigate without interference encompasses the First Amendment right to petition the government and the Fourteenth Amendment substantive due process right to pursue legal redress by filing civil actions that have a reasonable basis in law or fact. Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011). To state a claim for a violation of the right to litigate without active interference, the plaintiff must allege that he has suffered an actual injury, such as the dismissal of his pending action. Id. at 1103-04.

Here, Plaintiff alleges that his habeas petitions were dismissed because Officer Chang and Officer Morales confiscated his legal papers. A review of the dockets of these cases shows that case number C 09-0077 CW was dismissed for failure to exhaust. However, the docket of Plaintiff's second habeas petition, C 13-1739 CW, shows that, on June 5, 2013, the Court issued an order to show cause and the respondent has not yet filed an answer. Therefore, this case is pending before the Court and has not been dismissed.

Liberally construed, the complaint states a claim for interference with access to the court against Officer Chang. However, because Plaintiff has not shown an injury as a result of Officer Morales' alleged confiscation of his legal materials, he fails to state a claim against Officer Morales. Therefore, the claim against Officer Morales is dismissed. Dismissal is without prejudice to re-filing in a separate action in the future, if Officer Morales' conduct should cause the dismissal of Plaintiff's second habeas petition.

**CONCLUSION**

1. Plaintiff has failed to state a cognizable claim against Officer Morales. His claim against Officer Morales is dismissed without prejudice.

2. Plaintiff has stated a cognizable claim against Officer Chang for interference with Plaintiff's right of access to the courts.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the

3

1 complaint and all attachments thereto (docket no. 1) and a copy of this Order to Officer
2 Chang. The Clerk of the Court shall also mail a copy of the complaint and a copy of this
3 Order to the Office of the County Counsel in San Jose. Additionally, the Clerk shall mail a
4 copy of this Order to Plaintiff.

    4. In order to expedite the resolution of this case, the Court orders as follows:

       a. No later than ninety (90) days from the date of this order, Defendant shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

    If Defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, he shall so inform the Court prior to the date his motion is due. All papers filed with the Court shall be served promptly on Plaintiff.

       b. Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than twenty-eight (28) days after the motion is served and filed.

       c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary

4

judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand, 154 F.3d at 962-63 (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by Defendant in his motion to dismiss. Wyatt, 315 F.3d at 1120 n.14. You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters stated therein. In considering a motion to dismiss for failure to exhaust, the Court can decide disputed issues of fact with regard to this portion of the case. Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse Defendant's obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 935.)

5

    d. Defendant must serve and file a reply to an opposition not more than fourteen (14) days after the opposition is served and filed.

    e. The motion shall be deemed submitted as of the date the reply is due. No hearing will be held on the motion unless the Court so orders at a later date.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

  6. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

  7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: July 22, 2013

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

G:\PRO-SE\NC\2013 CR\Shaw v. Chang 13-2532 Serve.wpd

6