UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SHAW aka JOHN HSIA,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER CHANG,<br><br>    Defendant. | No. C 13-2532 NC (PR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Docket Nos. 48, 65, 69, 72, 73, 74) |

Plaintiff John Shaw, a California prisoner proceeding *pro se*, filed a federal civil rights complaint pursuant to 42 U.S.C. § 1983, claiming that Defendant Officer Chang used excessive force against him. Defendant has filed a motion for summary judgment based on the failure to exhaust as well as on the merits. Plaintiff has filed an opposition, and Defendant has filed a reply. Plaintiff has also filed a motion for summary judgment. Defendant has filed an opposition, and Plaintiff has a "motion to deny Defendant's opposition," which the court construes as Plaintiff's reply.

## BACKGROUND[1]

On June 27, 2005, Plaintiff was incarcerated at Santa Clara Department of Correction after being convicted of crimes related to fraudulent real estate transactions. (Defs.' Req. for Jud. Not., Ex. H; Gardner Decl. ¶ 9.) He was sentenced to a term of 14 years and 4 months. (Defs.' Req. for Jud. Not., Ex. A at 1.) The California Court of Appeal affirmed on January

---

[1] The following facts are undisputed and taken in the light most favorable to Plaintiff, unless otherwise asserted.

1  14, 2008.  (*Id.*, Ex. A.)  The California Supreme Court denied review on April 9, 2008.  (*Id.*,
2  Ex. B.)

3         The Santa Clara Department of Correction Sheriff's Office Custody Bureau Inmate
4  Orientation and Rulebook ("Rulebook") is provided to all inmates during booking, and
5  notifies inmates of the Department's polices and procedures for processing in-custody
6  personal items.  (Sepulveda Decl., Ex. A at 8, 9, 15, 16.)  If an inmate's personal property
7  exceeds the amount of property allowed in a cell, the Department rules require correctional
8  officers to remove it and place it into storage.  (Sepulveda Decl. ¶¶ 7-9.)  The rule is in place
9  to protect inmate and staff safety for five specified reasons.  (*Id.* ¶ 8.)  When personal
10 property is removed from an inmate's cell, it is inventoried and a copy of the property receipt
11 is given to the inmate.  (*Id.* ¶ 9.)  If the property includes legal documents, the inmate may
12 access the documents by filling out a request form and submitting it to the legal resource
13 coordinator, who will retrieve the requested items.  (*Id.* ¶¶ 10-11.)  Inmates may also release
14 their personal property to any person of their choosing, except another inmate.  (*Id.* ¶ 11.)

15        On January 8, 2009, Plaintiff filed a federal writ of habeas corpus in *Shaw v. Wong*,
16 No. 09-0077 CW (N.D. Cal.) ("*Shaw I*").  On February 17, 2009, approximately one month
17 later, Defendant confiscated Plaintiff's personal property, including legal papers and
18 documents.  (Compl. III-1.)  Defendant explained to Plaintiff that he was going to put
19 Plaintiff's confiscated property into storage.  (Shaw Depo. at 43:17-44:1.)  Plaintiff then
20 received a receipt from Defendant confirming that his materials were placed into storage that
21 same day.  (Shaw Depo. 45:25-47:8.)  Prior to May 27, 2009, when Plaintiff was transferred
22 to state prison, Plaintiff authorized the Department to release his personal property to Johnny
23 Chen.  (Shaw Depo. at 124:14-127:5.)  On July 9, 2009, Chen retrieved Plaintiff's personal
24 property from the Department.  (Sepulveda Decl. ¶ 12, Ex. B.)

25        Plaintiff asserts that, as a result of the confiscation of his personal property, Plaintiff's
26 federal habeas case, *Shaw I*,  was dismissed for failure to exhaust.  (Compl. III-1.)
27 Specifically, Plaintiff alleges that because his documents and legal papers were confiscated,
28 Plaintiff was "denied access to legal resource[s]" and the jail lacked legal resources for

Plaintiff to learn about the exhaustion requirement.  (*Id.*)

## LEGAL STANDARD

Summary judgment is appropriate if, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986).  At the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559-60 (2006).  A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* (internal citations omitted).

The moving party bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323.  Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party, but on an issue for which the opposing party will have the burden of proof at trial, the party moving for summary judgment need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325; *accord Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  Once the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.

## DISCUSSION

**A.    Exhaustion**

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or

any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).

The PLRA requires "proper exhaustion" of administrative remedies. *Id.* at 93. To meet this exacting standard, prisoners must not only lodge a formal complaint, but also pursue it through each stage of the administrative process in "compliance with an agency's deadlines and other critical procedural rules" as a precondition to bringing suit in federal court. *Id.* at 90. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* A prisoner must exhaust even when the remedy he seeks is unavailable through the grievance process, *id.* at 85-86, and the administrative process may not be "plain, speedy and effective." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). A complaint must be dismissed if the prisoner did not exhaust all available administrative remedies before the suit was filed. *Booth v. Churner*, 532 U.S. 731, 738 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Procedurally, failure to exhaust under the PLRA is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In the Ninth Circuit, a motion for summary judgment is the proper vehicle to decide whether a prisoner has exhausted administrative remedies pursuant to the PLRA. *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc). A defendant has the burden to prove that there was an available administrative remedy, and that the prisoner did not exhaust it. *Id.* at 1172. If a motion for summary judgment is denied, disputed factual questions relevant to exhaustion are decided by the court. *Id.* at 1170-71. However, if the court grants summary judgment on the issue of exhaustion, the court must view all the facts in the record in the light most favorable to the non-moving party. *Id.* at 1173 (citing *Liberty Lobby*, 477 U.S. at 247-50).

In support of his argument that Plaintiff failed to exhaust administrative remedies, Defendant submits a copy of the Rulebook, which explains the grievance and appeals process governing inmate grievances. (Sepulveda Decl., Ex. A.) Specifically, an inmate should direct his complaint to the officer in charge of the inmate's housing unit. (*Id.*, Ex. A at 9.) If

4

1 the officer is unable to resolve the grievance, the inmate may complete an inmate grievance
2 form and deliver it to any officer. (*Id.*) If that officer cannot resolve the grievance, it will be
3 forwarded to a sergeant. (*Id.*) If the sergeant cannot resolve the grievance, it will be
4 forwarded to the team lieutenant. (*Id.*) Once there, the team lieutenant will determine the
5 appropriate action to take and the inmate will receive a written response. (*Id.*) If the
6 grievance is denied, the reason for the denial will be written on the grievance form. (*Id.*)
7 The inmate may appeal the decision by writing a letter to the Facility Captain. (*Id.*) The
8 Facility Captain will give the inmate a written response affirming or reversing the team
9 lieutenant's decision. (*Id.*)

10 Here, on February 17, 2009, Plaintiff submitted a grievance claiming that his legal
11 documents had been improperly removed. (Compl. at 21.) On February 23, 2009,
12 Lieutenant Simpson denied the grievance, explaining that Plaintiff's materials had been
13 removed because he had exceeded the allotted allowance of papers. (*Id.*) Plaintiff admits
14 that he never appealed Lieutenant Simpson's decision to the Facility Captain. (Shaw Depo.
15 at 41:11-43:16.) Moreover, Captain Sepulveda, the Facility Captain, nor the Department has
16 a record of receiving any appeal from Plaintiff. (Sepulveda Decl. ¶ 6.) Thus, Defendant has
17 met his burden of demonstrating that there was an available administrative remedy, and that
18 Plaintiff did not exhaust that remedy. *Albino*, 697 F.3d at1172. Having demonstrated that,
19 the burden shifts to Plaintiff to come forward with evidence showing that there is something
20 in this particular case that made the existing and generally available administrative remedies
21 effectively unavailable to him. *Id.*

22 In response, Plaintiff refers to the Department's procedures regarding how a pro se
23 inmate should challenge an alleged violation of a court order, and asserts that he followed
24 that procedure. (Opp. at 3, Ex. H at 14.09-13, 14.09-14.) However, that procedure is not the
25 procedure for exhausting administrative remedies.

26 Plaintiff further states that he did not know about the grievance procedure because the
27
28

5

Rulebook[2] had been confiscated along with his other personal property, and thus, Plaintiff was unable to comply with the procedure. (Opp. at 3.) However, the Ninth Circuit has held that, in order "for an inmate to claim that a prison's grievance procedure was effectively unavailable due to the inmate's unawareness of the procedure, the inmate must show that the procedure was not known and unknowable with reasonable effort." *Albino*, 697 F.3d at 1037. Here, the evidence is undisputed that Plaintiff was given the opportunity to determine which materials would go into storage. (Compl., Ex. at 21.) There is no evidence that Defendant opted to hide the procedures. *See id.* Further, Plaintiff does not submit any evidence to demonstrate that he could not discover the proper grievance procedure had he chosen to pursue it. *See id.* Thus far, Plaintiff has only shown that he was subjectively unaware of the grievance procedure, and mistakenly believed that Lieutenant Simpson was the Facility Captain, which is insufficient to demonstrate that the grievance procedure was effectively unavailable to him. *See id.* at 1037-38.

Accordingly, Defendant's motion to dismiss this action for failure to exhaust is GRANTED.

**B.     Right of Access to Courts**

Alternatively, Defendant argues that he is entitled to summary judgment on the merits because Plaintiff has failed to demonstrate that he was actually injured.

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that he suffered an actual injury. *See id.* at 350-55. The Ninth Circuit has "traditionally differentiated between two types of access to courts claims: those involving prisoners' right[s] to affirmative *assistance* and those involving prisoners' rights to litigate without active *interference*." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th

---

[2] It is unclear whether Plaintiff is asserting that the "Pro Per Manual" was confiscated or the Rulebook was confiscated. (Pl. Decl. # 11.) Because the Rulebook is the document which contains the grievance procedure, the court will analyze the claim with the assumption that the Rulebook was confiscated. If indeed the Pro Per Manual was confiscated, and not the Rulebook, its confiscation would have no relevance to why Plaintiff did not comply with the grievance procedure because Plaintiff still had the Rulebook and thus instructions regarding the grievance procedure, in his possession.

6

Cir. 2011) (emphasis in original). Here, Plaintiff's claim involves the latter type. With respect to a claim regarding active interference by prison officials, a prisoner alleges an actual injury if, as a result of the defendants' alleged actions, his pending suit was dismissed. *See Silva*, 658 F.3d at 1103-04. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a "non-frivolous legal claim had been frustrated" is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4).

Here, Plaintiff filed *Shaw I* on January 8, 2009. Defendant did not confiscate Plaintiff's property until February 17, 2009. Thereafter, Plaintiff's authorized non-inmate recipient, Johnny Chen, collected Plaintiff's personal property, including whatever legal documents Plaintiff had stored, on July 9, 2009. On October 20, 2009, the Respondent in *Shaw I* filed a motion to dismiss for failure to exhaust state remedies. (*Shaw I*, Docket No. 16.) Plaintiff filed an opposition. (*Id.*, Docket Nos. 17, 18.) Respondent filed a reply. (Docket No. 19.) Ultimately, on September 17, 2010, the court in *Shaw I* granted Respondent's motion to dismiss, finding that none of Petitioner's federal claims had been presented to the California Supreme Court, and dismissed Plaintiff's federal habeas petition for failure to exhaust.

Examples of impermissible hindrances that cause "actual injury" include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the library that he was unable even to file a complaint. *See Lewis*, 518 U.S. at 351; *see, e.g.*, *Hebbe v. Pliler*, 627 F.3d 338, 343 (9th Cir. 2010) (plaintiff demonstrated that denying him law library access while on lockdown resulted in "actual injury" because he was prevented from appealing his

7

conviction); *Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (agreeing with district court that prisoner "did not allege injury, such as inability to file a complaint or defend against a charge, stemming from the restrictions on his access to the law library"). None of these types of hindrances are alleged to have taken place here.

Here, Plaintiff has not demonstrated that the confiscation of his personal property after he filed *Shaw I* caused him actual injury. The Ninth Circuit has held that the appropriate time to assess whether a prisoner has exhausted his state remedies for purposes of determining exhaustion in a federal habeas petition is when the federal petition is filed, not when it comes on for hearing in the district court or court of appeals, and that if the petitioner exhausts after filing, he can bring that up in a subsequent petition. *See Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999). In this case, because the confiscation of Plaintiff's property occurred after Plaintiff had filed his petition in *Shaw I*, and thus, after the date upon which any district court would have assessed whether Plaintiff had properly exhausted his state claims, Plaintiff has failed to provide any evidence that he suffered an actual injury as is required to sustain his access-to-courts claim. In addition, the evidence is undisputed that Plaintiff was permitted to request his legal materials and personal property at any time but there is no evidence that he did so. Moreover, even if Plaintiff had his legal materials, Plaintiff concedes that he did not know that he was supposed to exhaust his state court remedies prior to filing a federal habeas petition. (Shaw Depo. at 85:11-86:12.) Thus, there is an absence of evidence that Defendant's action of confiscating Plaintiff's property caused an actual injury or actively interfered in Plaintiff's access-to-courts.

Accordingly, Defendant's motion for summary judgment is GRANTED on the merits.[3]

**C. Amendment**

To the extent Plaintiff raises new claims in his motion for summary judgment that he

---

[3] Because the court grants Defendant's motion for summary judgment for failure to exhaust and on the merits, the court finds it unnecessary to address Defendant's additional arguments that he is entitled to qualified immunity or that he is entitled to partial summary judgment for Plaintiff's claim for injunctive relief.

8

did not raise in his complaint, the court construes Plaintiff's motion as a motion for leave to amend his complaint. Specifically, Plaintiff claims that Defendant's actions also violate the First Amendment right against retaliation, Fourth Amendment right against unreasonable seizures, Fifth and Fourteenth Amendments to due process, Eighth Amendment right against cruel and unusual punishment, the ADA, the Federal Rules of Civil Procedure, and a variety of state law claims.

A plaintiff may amend the complaint once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). But if the complaint requires a responsive pleading, a plaintiff may amend the complaint 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 12(a)(1)(B). In all other cases, as in the case here, a plaintiff must obtain the defendant's consent or leave of court to amend a complaint. Fed. R. Civ. P. 12(a)(2). Although Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires, leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

It lies within the district court's discretion whether a plaintiff may expand his complaint by adding claims raised for the first time on summary judgment. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003). Factors to consider include whether there is bad faith by plaintiff, undue delay, prejudice to defendants, futility in amendment, and number of prior opportunities to amend. *See Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154-55 (9th Cir. 2014).

Here, there is no evidence of bad faith by Plaintiff and Plaintiff has not had an express prior opportunity to amend his complaint, so those factors weigh in favor of amendment. There is some evidence of undue delay, however, because all of these newly presented facts were well-known to Plaintiff when he commenced this action in June 2013. Moreover, Plaintiff has provided no justification for why he failed to raise these claims earlier.

9

Defendant does not address whether amendment of Plaintiff's complaint would prejudice him, so that factor does not weigh in favor of or against amendment. Finally, and most importantly, the court finds that it would be futile for Plaintiff to amend his complaint because the action would still be dismissed on the ground that Plaintiff failed to exhaust his claims.

In addition, even if Plaintiff were excused from exhaustion, the claims would not survive amendment. First, in order to state a claim for retaliation, "[w]ithin the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Here, Plaintiff alleges that after he received a court order granting him IFP status in *Shaw I*, Defendant began to retaliate against him by transferring Plaintiff to other custody locations within the same jail ten times within fourteen days. (Pl. MSJ at 2.) However, even assuming that the changes in custody constituted an "adverse action," based on the facts presented, no reasonable inference can be made that Defendant knew about Plaintiff's litigation of *Shaw I*, nor is there any indication as to why Defendant would be motivated to act because of Plaintiff's federal habeas proceeding that is unrelated to Defendant. *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (to prevail on retaliation claim, plaintiff must show that protected conduct was the substantial or motivating factor behind the defendant's conduct); *see, e.g.*, *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) ("suspect timing" of inmate's transfer to different prison, without more, insufficient to support inference that the transfer was done "in retaliation for [inmate's] exercise of First Amendment rights") (citation and quotation marks omitted). Thus, Plaintiff's retaliation claim would be dismissed.

Second, with respect to Plaintiff's claim that the confiscation of his property was an unreasonable seizure in violation of the Fourth Amendment, the Fourth Amendment does not

proscribe unreasonable searches or seizures of property in prison. *See Hudson v. Palmer*, 468 U.S. 517, 528 n.8, 536 (1984). Thus, Plaintiff's Fourth Amendment claim would be dismissed.

Third, a temporary loss of access to his personal property does not state a cognizable Fourteenth Amendment due process claim. There are no regulations that establish that plaintiff is entitled to have his personal property at all times. In fact, under California Code of Regulations, title 15, § 3192, "[a]n inmate's right to inherit, own, sell or convey real and/or personal property does not include the right to possess such property within the institutions/facilities of the department." A temporary deprivation of property such as that alleged by Plaintiff here is not an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (no due process violation where an inmate's property was taken in connection with his reclassification to a status in which he was not authorized to possess the additional property); *Chhoun v. Woodford*, No. C 03-3219 SI, 2005 WL 1910930, at *6-9 (N.D. Cal. Aug.10, 2005) (concluding that the temporary deprivation of personal property did not violate the prisoner's due process rights); *Owens v. Ayers*, No. C 01-3720 SI (PR), 2002 WL 73226, at *2 (N.D. Cal. Jan.15, 2002). Thus, a California inmate would not have a legitimate claim of entitlement to possess personal property in prison unless explicitly authorized by other state laws or prison regulations, but Plaintiff has not identified any such laws or regulations. In sum, Plaintiff did not have a right to due process before he could be temporarily deprived of property that was not permitted in the housing unit in which he was kept. Thus, Plaintiff's due process claim would be dismissed.

Fourth, Plaintiff's claim that the deprivation of his property violated the Eighth Amendment also fails. The Amendment imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The confiscation of Plaintiff's personal property is not such an objective or serious deprivation sufficient to equate to a basic necessity of life. The claim would be dismissed.

11

Fifth, Plaintiff raised his ADA claim in his original complaint, which was dismissed for failure to state a claim. He raises no new facts to support this claim. Thus, it would be dismissed.

Sixth, Plaintiff's allegations that Defendant violated several Federal Rules of Civil Procedure as well as state laws do not state a cognizable claim for relief because they do not allege that Defendant violated a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, they would be dismissed.

Accordingly, to the extent Plaintiff's motion for summary judgment can be construed as a motion for leave to amend his complaint, the motion would be denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED. As a result, Plaintiff's motion for summary judgment is DENIED and the remaining motions are DENIED as moot. The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: 

NATHANAEL M. COUSINS
United States Magistrate Judge